1 Jonathan W. Carlson, #10536
McCormick, Barstow, Sheppard,
2 Wayte & Carruth LLP
8337 W. Sunset Road #350
3 Las Vegas, NV 89113
Telephone: (702) 949-1100
4 Facsimile: (702) 949-1101
jonathan.carlson@mccormickbarstow.com
5
Attorneys for Plaintiff
6 LIBERTY INSURANCE
UNDERWRITERS INC., an
7 Illinois Corporation

(SPACE BELOW FOR FILING STAMP
ONLY)

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10

| | |
|---|---|
| 11  LIBERTY INSURANCE<br>UNDERWRITERS INC., an Illinois<br>12  Corporation,<br><br>13                    Plaintiff,<br><br>14  v.<br><br>15  WILLIAM SCUDIER, an individual,<br>PATRICK DILLON, an individual,<br>16<br>17                    Defendants. | Case No. 2:12-cv-1549<br><br>**LIBERTY INSURANCE<br>UNDERWRITERS INC.'S<br>COMPLAINT FOR<br>DECLARATORY JUDGMENT**<br><br>**(DEMAND FOR JURY TRIAL)** |

18 **LIBERTY INSURANCE UNDERWRITERS INC.'S COMPLAINT FOR**

19                    **DECLARATORY JUDGMENT**

20       Liberty Insurance Underwriters Inc. ("LIUI") alleges against Defendants as

21 follows:

22                              **JURISDICTION**

23       1.    Plaintiff LIUI is and at all times mentioned herein was an Illinois

24 corporation with its principal place of business in New York, New York.

25       2.    Defendant, William Scudier ("Scudier"), is and at all times mentioned

26 herein was, an individual and a resident of the state of Nevada.

27       3.    Defendant, Patrick Dillon ("Patrick"), is and at all times mentioned

28 herein was, an individual and a resident of the state of Nevada.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Road #350
Las Vegas, Nevada 89113

LIBERTY INSURANCE UNDERWRITERS INC.'S COMPLAINT FOR DECLARATORY RELIEF

4.    The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5.    This Court has jurisdiction of this action under 28 U.S.C. § 1332.

## VENUE

6.    Venue is proper under 28 U.S.C. § 1391(a) and (b).   Defendants Scudier and Patrick are both residents of the state of Nevada and are subject to personal jurisdiction here.   Moreover, virtually all acts and omissions giving rise to this litigation are alleged to have occurred in the state of Nevada.

## FACTUAL BACKGROUND

7.    The allegations of paragraphs 1 through 6 are incorporated by reference and re-alleged as though fully set forth herein.

8.    Patrick filed an action in the District Court of Clark County, Nevada, styled *Patrick Dillon, a Minor by and through his Mother and Guardian ad Litem Joann Dillon v. William Scuddier; Victory Village, LLC; Does I through X; and Roe Corporations XI through XX*, Case No. A-10-609918-C ("the State Action"). In his Second Amended Complaint in the underlying State Action, Patrick alleges that he met Scudier, a janitorial and/or maintenance employee of Victory Village, LLC ("Victory Village") and/or B&R Property Management, Inc. ("B&R") for the first time in or about January 2005.  Upon information and belief, Scudier lived on the Victory Village premises.  (A true and correct copy of the Second Amended Complaint filed in the State Action is attached hereto as Exhibit "1").

9.    Beginning in March 2005, Scudier and Patrick began socializing on a regular basis.   Scudier took Patrick on outings and trips of various types. Moreover, starting in late 2005 and early 2006 Scudier began having Patrick stay at Scudier's apartment.

10.    From January 2006 through August 2006, Scudier performed various sexual acts upon Patrick, who was at all times a 13 year-old boy, and thus a minor.

11.    Scudier was eventually reported to Child Protective Services and

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Road #350
Las Vegas, Nevada 89113

LIBERTY INSURANCE UNDERWRITERS INC.'S COMPLAINT FOR DECLARATORY JUDGMENT

1  subsequently charged with twenty-three (23) counts of Sexual Assault with a Minor

2  Under Fourteen Years of Age and twenty-three (23) counts of felony coercion.  He

3  pled guilty to three counts of felony coercion, pursuant to NRS §§ 207.190 and

4  175.547.

5      12.    Patrick filed the underlying State Action, alleging the following causes

6  of action against Scudier: 1) Battery 2) Assault 3) Intentional Infliction of

7  Emotional Distress 4) and False Imprisonment; Patrick also alleged the following

8  causes of action against Victory Village: 1) Negligent Hiring 2) Negligent

9  Supervision 3) Negligent Retention 4) Gross Negligence 5) and Respondeat

10  Superior.

11      13.    LIUI issued two excess "follow-form" policies under Policy Numbers

12  LQ1-B71-183695-015 for the period of February 1, 2005, to February 1, 2006, and

13  LQ1-B71-183695-025 for the period of February 1, 2006, to February 1, 2007

14  ("LIUI policies").  The LIUI policies sit above respective underlying insurance

15  policies issued by primary insurer Discover Property and Casualty Company to

16  Southwest Real Estate ("Discover policies").  The Discover policies were issued for

17  the same time period.  (A true and correct copy of the LIUI policies, Schedule of

18  Underlying Policies, and Endorsements, is attached hereto as Exhibits "2" and "3").

19      14.    The LIUI policies provide in part:

20  **1. COVERAGE**

22  We will pay on behalf of the Insured "loss" that results from an occurrence during the "policy period."  We will pay "loss" in excess of the Underlying Insurance shown in Item 5 of the declarations, but only up to an amount not exceeding our Limits of Liability as shown in Item 4 of the Declarations.  Except for any definitions, terms, conditions and exclusions of this policy, the coverage provided by this policy is subject to the terms and conditions of the First Underlying Insurance Policy, as shown in Items 5 of the Declarations.

3

LIBERTY INSURANCE UNDERWRITERS INC.'S COMPLAINT FOR DECLARATORY JUDGMENT

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
8337 W. Sunset Road #350
Las Vegas, Nevada 89113

15.    The LIUI policies follow form to the Discover policies, subject to the terms, conditions, exclusions and limitations of the LIUI policies.

16.  Section II of the LIUI policies, entitled "Limits of Liability", states that: "This policy applies only in excess of the Underlying Insurance shown in Item 5 of the Declarations."

17.  The Discover policies provide in part:

. . .

**2 . Exclusions**

This insurance does not apply to:...

a.    Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments Coverages A and B.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2 . Exclusions**

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
8337 W. Sunset Road #350
Las Vegas, Nevada 89113

LIBERTY INSURANCE UNDERWRITERS INC.'S COMPLAINT FOR DECLARATORY JUDGMENT

This insurance does not apply to:

a.     "Personal and Advertising injury":

(1) caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

. . .

(4) arising out of a criminal act committed by or at the direction of the insured.

## SECTION II WHO IS AN INSURED

1.     If you are designated in the Declarations as:

. . .

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

2.     Each of the following is also an insured:

a. Your "employees", other than either your "executive officers,...or your managers...but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. ...

## SECTION V DEFINITIONS

. . .

3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4.     "Coverage territory" means:

a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

. . .

5.     "Employee" includes a "leased worker". "Employee" does not include

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

8337 W. SUNSET ROAD #350
LAS VEGAS, NEVADA 89113

a "temporary worker".

. . .

13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general conditions.

14.   "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

. . .

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

. . .

18.   In addition, the Discover policy contains an endorsement entitled **ABUSE OR MOLESTATION EXCLUSION,** which provides in part:

This endorsement modifies insurance provided under the following:

**COMMERCIAL. GENERAL LIABILITY COVERAGE PART**

The following exclusion is added to Paragraph 2., Exclusions of Section I _ Coverage A - Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I — Coverage B - Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

2. The negligent...

a. Employment;

b. Investigation;

6

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET ROAD #350
LAS VEGAS, NEVADA 89113

c. Supervision;

d. Reporting to the proper authorities, or failure to so report; or

e. Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. Above.

19.     There is a dispute between LIUI and Scudier in relation to whether Scudier is entitled to coverage under the LIUI policies.  LIUI contends Scudier is not entitled to coverage under the LIUI policies based on numerous exclusions and limitations.  Conversely, upon information and belief, Scudier and Dillon contend that there is coverage under the LIUI policies.

## COUNT I – DECLARATORY RELIEF

20.     LIUI incorporates the averments contained within paragraphs 1 through 19 above as if fully set forth here.

21.     LIUI contends that Scudier does not qualify as an "insured," and thus the LIUI policies are not triggered on behalf of Scudier.  LIUI therefore has no duty to defend or indemnify Scudier.  Upon information and belief, Scudier and Dillon disagree, and contend Scudier is entitled to coverage under the LIUI policies for the State Action.

22.     An actual and justiciable controversy has thus arisen between LIUI, on the one hand, and Scudier and Dillon, on the other hand.  The controversy is ripe for resolution through a declaratory judgment, which will afford complete relief between the parties.

## COUNT II – DECLARATORY RELIEF

23.     LIUI incorporates the averments contained within paragraphs 1 through 22 above as if fully set forth here.

24.     LIUI contends that any claimed "bodily injury" was not caused by an "occurrence," and thus the LIUI policies are not triggered on behalf of Scudier.  LIUI therefore has no duty to defend or indemnify Scudier.  Upon information and

7

LIBERTY INSURANCE UNDERWRITERS INC.'S COMPLAINT FOR DECLARATORY JUDGMENT

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET ROAD #350
LAS VEGAS, NEVADA 89113

1 | belief, Scudier and Dillon disagree, and contend Scudier is entitled to coverage
2 | under the LIUI policies for the State Action.

3      25.    An actual and justiciable controversy has thus arisen between LIUI, on
4 | the one hand, and Scudier and Dillon, on the other hand.  The controversy is ripe
5 | for resolution through a declaratory judgment, which will afford complete relief
6 | between the parties.

## COUNT III – DECLARATORY RELIEF

8      26.    LIUI incorporates the averments contained within paragraphs 1
9 | through 25 above as if fully set forth here.

10      27.    LIUI contends that any claimed "bodily injury" is excluded under the
11 | "expected or intended" exclusion, and thus the LIUI policies are not triggered on
12 | behalf of Scudier.  LIUI therefore has no duty to defend or indemnify Scudier.
13 | Upon information and belief, Scudier and Dillon disagree, and contend Scudier is
14 | entitled to coverage under the LIUI policies for the State Action.

15      28.    An actual and justiciable controversy has thus arisen between LIUI, on
16 | the one hand, and Scudier and Dillon, on the other hand.  The controversy is ripe
17 | for resolution through a declaratory judgment, which will afford complete relief
18 | between the parties.

## COUNT IV – DECLARATORY RELIEF

20      29.    LIUI incorporates the averments contained within paragraphs 1
21 | through 28 above as if fully set forth here.

22      30.    LIUI contends that there is no coverage for "personal and advertising
23 | injury," and thus the LIUI policies are not triggered on behalf of Scudier.  LIUI
24 | therefore has no duty to defend or indemnify Scudier.  Upon information and belief,
25 | Scudier and Dillon disagree, and contend Scudier is entitled to coverage under the
26 | LIUI policies for the State Action.

27      31.    An actual and justiciable controversy has thus arisen between LIUI, on
28 | the one hand, and Scudier and Dillon, on the other hand.  The controversy is ripe

8

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP

8337 W. SUNSET ROAD #350
LAS VEGAS, NEVADA 89113

for resolution through a declaratory judgment, which will afford complete relief between the parties.

## COUNT V – DECLARATORY RELIEF

32.    LIUI incorporates the averments contained within paragraphs 1 through 31 above as if fully set forth here.

33.    LIUI contends that any claimed coverage for "personal and advertising injury" is excluded under the knowing violation of rights exclusion, and thus the LIUI policies are not triggered on behalf of Scudier.  LIUI therefore has no duty to defend or indemnify Scudier.  Upon information and belief, Scudier and Dillon disagree, and contend Scudier is entitled to coverage under the LIUI policies for the State Action.

34.    An actual and justiciable controversy has thus arisen between LIUI, on the one hand, and Scudier and Dillon, on the other hand.  The controversy is ripe for resolution through a declaratory judgment, which will afford complete relief between the parties.

## COUNT VI – DECLARATORY RELIEF

35.    LIUI incorporates the averments contained within paragraphs 1 through 34 above as if fully set forth here.

36.    LIUI contends that any claimed coverage for "personal and advertising injury" is excluded under the criminal acts exclusion, and thus the LIUI policies are not triggered on behalf of Scudier.  LIUI therefore has no duty to defend or indemnify Scudier.  Upon information and belief, Scudier and Dillon disagree, and contend Scudier is entitled to coverage under the LIUI policies for the State Action.

37.    An actual and justiciable controversy has thus arisen between LIUI, on the one hand, and Scudier and Dillon, on the other hand.  The controversy is ripe for resolution through a declaratory judgment, which will afford complete relief between the parties.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP

8337 W. SUNSET ROAD #350
LAS VEGAS, NEVADA 89113

LIBERTY INSURANCE UNDERWRITERS INC.'S COMPLAINT FOR DECLARATORY JUDGMENT

## COUNT VII – DECLARATORY RELIEF

38.   LIUI incorporates the averments contained within paragraphs 1 through 37 above as if fully set forth here.

39.   LIUI contends that any claimed coverage under the policy is excluded by the terms of the Abuse or Molestation Exclusion, and thus the LIUI policies are not triggered on behalf of Scudier.  LIUI therefore has no duty to defend or indemnify Scudier.  Upon information and belief, Scudier and Dillon disagree, and contend Scudier is entitled to coverage under the LIUI policies for the State Action.

## PRAYER FOR RELIEF

40.   An actual and justiciable controversy has thus arisen between LIUI, on the one hand, and Scudier and Dillon, on the other hand.  The controversy is ripe for resolution through a declaratory judgment, which will afford complete relief between the parties.

41.   The controversy is justiciable, and this Court has the power to entertain the same and determine it under 28 U.S.C. § 2201.

42.   Accordingly, a declaratory judgment is both necessary and proper in order to determine whether LIUI owes any obligation to Scudier under the LIUI policies with respect to any liability entered against him in the State Action above the limits of the Discover policies.

WHEREFORE, LIUI prays for relief as follows:

1.   For a declaration that Liberty Insurance Underwriters Inc. has no obligation under the policies and the law to defend and/or indemnity William Scudier with respect to any liability or award in the action proceeding in the District Court of Nevada, Clark County, entitled, *Dillon v. Scudier, et al.*, Case No. A-10-609918-C, Department IV;

2.   For a jury trial;

/ / /

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET ROAD #350
LAS VEGAS, NEVADA 89113

LIBERTY INSURANCE UNDERWRITERS INC.'S COMPLAINT FOR DECLARATORY JUDGMENT

3.    For costs of suit herein incurred; and

4.    For such other relief as the Court deems just and proper.

Dated:  August 30, 2012

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By:    /s/ Jonathan Carlson
Jonathan Carlson, Esq.
Attorneys for Plaintiff
LIBERTY INSURANCE UNDERWRITERS INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  August 30, 2012

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By:    /s/ Jonathan Carlson
Jonathan Carlson, Esq.
Attorneys for Plaintiff
LIBERTY INSURANCE UNDERWRITERS INC.

52485-00106 2177876.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET ROAD #350
LAS VEGAS, NEVADA 89113

LIBERTY INSURANCE UNDERWRITERS INC.'S COMPLAINT FOR DECLARATORY JUDGMENT